# UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cranium LLC<br><br>Plaintiff,<br><br>v.<br><br>The Coca-Cola Company,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Cranium LLC ("Plaintiff"), by and through its undersigned counsel of record, files its Complaint against Defendant The Coca-Cola Company ("Defendant"), alleging as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary relief for Defendant's willful and intentional infringement of Plaintiff's copyright in two of Plaintiff's edited photographs (the "Copyrighted Work") of musical artist Jermaine Carter, also known as J Young MDK (the "Subject"), as well as tortious interference with Plaintiff's business relationship with the Subject.

2. Plaintiff is a Georgia limited liability company with a principal place of business of 3716 E Main St, College Park, Georgia.

3. Reginald Duncan initially created the Copyrighted Work in 2021 and assigned it to Plaintiff. As a result, Plaintiff is the owner of all rights in the Copyrighted Work. Plaintiff owns a federal registration for the Copyrighted Work, which it obtained on May 10, 2022 (Registration Number VAu001467360).

4. All of the claims asserted herein initially arise out of and are based on Defendant's copying, reproduction, distribution, and public display of the Copyrighted Work without Plaintiff's consent. Plaintiff hereby sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq. and Tortious Interference with Business Relations arising out of Defendant's subsequent attempts to interfere with Plaintiff's relationship with the Subject.

5. Plaintiff seeks a monetary award of Plaintiff's economic damages and Defendant's profits attributable to the exploitation of the Copyrighted Work, and other monetary relief as deemed necessary by the Court.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7.      Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendant and its registered agent reside in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district.

## PARTIES

8.      Plaintiff Cranium LLC is a limited liability company formed under the laws of Georgia with a principal place of business of 3716 E Main St, College Park, Georgia.

9.      Plaintiff's primary business function is to license the artistic works of its principal, Reginald Duncan.

10.     Defendant the Coca-Cola Company is a corporation that is incorporated in the state of Delaware and maintains its principal place of business at One Coca-Cola Plaza, N.W., Atlanta, Georgia 30313. Defendant may be served via its registered agent CT Corporation System, located at 289 S. Culver St., Lawrenceville, Georgia 30046.

# FACTS

A. <u>Plaintiff and its Copyrighted Work</u>

11. On or around January 2021, Reginald Duncan ("Duncan") created the Copyrighted Work during a photoshoot of the Subject. As a result, Duncan is the original owner of any and all rights in the Copyrighted Work. A true and correct copy of the Copyrighted Work is attached hereto as Exhibit 1

12. With Plaintiff's establishment on November 2, 2013, Plaintiff and Duncan entered into an agreement pursuant to which Duncan assigned to Plaintiff an exclusive right to license the Copyrighted Work of Duncan.

13. The Copyrighted Work is wholly original, and Plaintiff is the exclusive licensee of all rights, title, and interest, including all rights under copyright, in the Copyrighted Work.

14. Plaintiff is the owner and beneficiary of valid and subsisting United States Copyright Registration No. VAu001467360 for the Copyrighted Work, issued by the United States Copyright Office on May 10, 2022. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's Registration No. VAu001467360.

13. Duncan is a locally respected photographer known for his high style. Duncan is especially renowned for his portraits of live subjects and has licensed photographs of other subjects to nationally recognized publications.

14. The Copyrighted Work was of significant value to Plaintiff because of the Subject's emerging popularity and due to the unique artistic features of the photography. Before Plaintiff could license the Work to a reputable fashion publication for a piece on the Subject, Defendant misappropriated the work, edited it without authorization, and included it in advertisements for its "Sprite" brand featuring the Subject as part of its "Up Next" advertising campaign.

B. Defendant's Infringing Conduct

15. On information and belief, Defendant is engaged in the business of manufacturing, marketing, and distributing soft drinks and other beverages.

16. Defendant or its agents copied, created derivative works, reproduced, distributed, and publicly displayed the Copyrighted Work by incorporating the Copyrighted Work into marketing materials displayed on July 16, 2021, and November 10, 2021, for its product "Sprite" via various social media platforms and electronic publications.

17.     For instance, the Copyrighted Work was posted to an Instagram account operated by Defendant on July 16, 2021, as an advertisement for Sprite products.

18.     The Copyrighted Work was also displayed in the background of a video shoot posted to Defendant's Sprite Instagram account on November 10, 2021.

19.     On information and belief, the Copyrighted Work was used by Defendant or on Defendant's behalf in additional marketing materials for Sprite.

20.     Attached hereto as Exhibit 3 is a printout depicting Defendant's unlawful publication, reproduction, public display, and distribution of the Copyrighted Work.

21.     Defendant's use of the Copyrighted Work is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

22.     Duncan, on behalf of Plaintiff, contacted Defendant via email on November 28, 2021, notifying Defendant of its infringing conduct.

23.     A copy of Mr. Duncan's email to Defendant is attached hereto as Exhibit 4.

24.     On information and belief, Defendant contacted the Subject or the Subject's agents and managers and informed him that the photograph and video

shoot would be removed as a result of Plaintiff's request that Defendant address its infringement, however continued to display the Work, nonetheless.

25. As a result of Defendant's contact with the Subject, the Subject contacted Duncan in turn and expressed his opinion that Duncan had adversely affected his career. The Subject further expressed that he would not do business with Plaintiff ever again as a result of the situation with Sprite.

26. A true and correct copy of the text message sent to Duncan from the Subject is attached hereto as Exhibit 5.

27. Despite contacting the Subject, Defendant still failed to remove the Copyrighted Work, respond to Plaintiff's email, or compensate Plaintiff for use of the Copyrighted Work whatsoever.

28. On information and belief, Defendant's identical copying and exploitation of the Copyrighted Work was willful, and in disregard of or with indifference to, the rights of Plaintiff.

29. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the artistic benefit and value associated with the Copyrighted Work.

30. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

31. July 21, 2023, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's unauthorized utilization of the Copyrighted Work. Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff's counsel's July 21, 2023, cease and desist letter to Defendant.

32. Despite acknowledging receipt of the cease and desist correspondence, Defendant continued to display the Work.

33. Defendant continued to display the Work at least until late 2023.

34. To date, Defendant has not compensated Plaintiff for its use of the Copyrighted Work in any way.

35. Defendant's acts have caused Plaintiff to suffer economic harm and Plaintiff is entitled to an award of monetary damages in an amount to be determined by a jury.

## COUNT ONE
## Direct Copyright Infringement
## (17 U.S.C. § 501)

36. Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. The Copyrighted Work are original photographs of the Subject containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff possesses an exclusive right to license the Copyrighted Work, and Plaintiff owns a valid copyright registration for the Copyrighted Work, attached hereto as Exhibit 2.

38. Through Defendant's conduct alleged herein, including Defendant's reproduction, alteration, distribution, and public display of the Copyrighted Work without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

39. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendant illegally to obtain profit therefrom.

40. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, and an accounting of such profits.

41. Plaintiff further is entitled to its attorneys' fees and costs associated with this action pursuant to 17 U.S.C. § 505.

## COUNT TWO
### Vicarious Copyright Infringement
### (In the Alternative to Count One)
### (17 U.S.C. § 501)

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. The Copyrighted Work are original photographs of Jermaine Carter containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff possesses an exclusive right to license the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, attached as Exhibit 2.

44. Defendant possessed the right and ability to supervise the material posted to its social media accounts and material utilized in its marketing, including the Copyrighted Work.

45. In the alternative to Count I, the reproduction, distribution, and public display of the Copyrighted Work without permission in Defendant's marketing materials constituted direct copyright infringement by an unknown entity as may be revealed through discovery.

46. Defendant profited directly from the infringement of the Copyrighted Work and its utilization in marketing materials, which it possessed the right and ability to supervise.

47. By virtue of Defendant's right to supervise the directly infringing conduct and Defendant's profiting from the same, Defendant is liable for Vicarious Copyright Infringement.

48. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

49. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to

be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, and an accounting of such profits.

50. Plaintiff further is entitled to its attorneys' fees and costs associated with this action pursuant to 17 U.S.C. § 505.

## COUNT THREE
## Tortious Interference with Business Relations

51. Plaintiff repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52. Defendant acted improperly and without privilege when it notified the Subject of Mr. Duncan's attempts to rectify Defendant's infringement of the Copyrighted Work.

53. On information and belief, Defendant notified and misrepresented to the Subject Mr. Duncan's attempts to address Defendant's infringement of the Copyrighted Work with the intent to injure Duncan and cause Mr. Duncan and Plaintiff to halt their attempts to address Defendant's infringement of the Copyrighted Work.

54. As a result of contacting the Subject, Defendant induced the Subject not to continue a business relationship with Mr. Duncan and Plaintiff.

55. As a result of Defendant's communications with the Subject, Plaintiff's business relationship with the Subject was irreparably damaged and discontinued, and Plaintiff suffered financial harm as a result.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has committed Copyright Infringement and violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That Defendant has committed tortious interference with a business relationship under Georgia State law.

3. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits attributable to exploitation of the Copyrighted Work, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

4. Awarding Plaintiff:

   a. Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits attributable to exploitation of the

Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

      b.    damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial; and

      c.    Plaintiff's reasonable attorneys' fees and costs associated with Defendant's infringement pursuant to 17 U.S.C. § 505.

5.    Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

6.    Awarding such other and further relief as the Court deems just and proper under the circumstances.

This 8th day of January, 2024

                                         **CONWAY EADER LLLP**

                                         */s/Granison Eader*

Granison Eader
GA Bar No. 905671
**Hurt Building**
50 Hurt Plaza SE
Suite 1142
Atlanta, Georgia 30303
Tel. 470.764.7164
ted@conwayeader.com

*Attorney for Plaintiff*